RECEIPT #
AMOUNT $ 150
SUMMONS ISSUED Y-1
LOCAL RULE 4.1_____
WAIVER FORM_____
MCF ISSUED_____
BY DPTY. CLK. _____
DATE 3-15-04

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FRANCIS X. TIERNEY,

    *Plaintiff,*

v.

CITY of BOSTON, a municipal corporation
of the Commonwealth of Massachusetts,

    *Defendant.*

Civil Action No.:

04 10518 MEL

MAGISTRATE JUDGE _____

**COMPLAINT**

## NATURE OF THE ACTION

1. The Court of Appeals has already determined that the City of Boston has violated the Equal Protection Clause of the Constitution of the United States through the application of its race based hiring policy for the Boston Fire Department. *See Quinn v. City of Boston*, 325 F.3d 18 (1st Cir. 2003). In finding that the City of Boston had violated the rights of the *Quinn* plaintiffs, the Court of Appeals also noted that other applicants had also been discriminated against. Francis Tierney is one of those other victims of the discriminatory hiring policy. He too was illegally denied employment on the basis of his race. Francis Tierney brings this action to redress this violation of his civil rights.

## JURISDICTION

2. This Court has subject matter jurisdiction over this action under 28 U.S.C. §1331, because the matter in controversy arises under the Constitution and laws of the United States. This Court also has subject matter jurisdiction over this action under 28 U.S.C. §1343(3) and

§1343(4) because injunctive relief is sought to redress the deprivation under the color of state law of rights and privileges and immunities secured by the Constitution and Acts of Congress protecting Equal Rights.

3. Plaintiffs' right to judicial review of the actions complained of is secured by 42 U.S.C. §1983.

4. Venue in this Court is proper under 28 U.S.C. §1391 because the events giving rise to this claim occurred, and will occur, in the District of Massachusetts.

## PARTIES

5. The Plaintiff, Francis X. Tierney is a resident of the City of Boston, Massachusetts.

6. The City of Boston is a political subdivision of the Commonwealth of Massachusetts.

## FACTS COMMON TO ALL COUNTS

7. The Plaintiff has sought employment as a firefighter for the City of Boston.

8. At all times relevant to this complaint, the Plaintiff has been fully qualified to be a employed as a firefighter.

9. The Plaintiff was on the list of eligible applicants for appointment for the position of firefighter for the City of Boston from October 2000 through November 2002.

10. The Plaintiff was denied employment as a firefighter on the basis of his race.

11. During all relevant times, the City of Boston used racial quotas that limited the employment opportunities available to the Plaintiff.

12. The Court of Appeals for the First Circuit has held that the use of this quota during the relevant time period for this complaint was in violation of the Equal Protection Clause of the Fourteenth Amendment to the Constitution of the Untied States.

## COUNT I
### Equal Protection Clause the Fourteenth Amendment to the Constitution of the United States and 42 U.S.C. §1983

13. Section 1983 provides as follows: "Civil action for deprivation of rights: Every person who, under color of any statute, ordinance, regulation, custom or usage, of any State … subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights … secured by the Constitution and laws, shall be liable to the party injured in an action … for redress." The Fourteenth Amendment to the Constitution of the United States guarantees all persons the "equal protection of the laws." Section 1983 and the Fourteenth Amendment prohibit any purposeful racial discrimination in public employment.

14. The Defendant has acted under color of law to deprive the Plaintiff of his right to the equal protection of the laws as guaranteed by the Fourteenth Amendment.

## COUNT V
### 42 U.S.C. §2000d (Title VI)

15. 42 U.S.C. §1981 protects the rights of all persons within the jurisdiction of the United States to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws.

16. The Defendant discriminated against the Plaintiff on the basis of his race in refusing to hire him as a firefighter for the City of Boston denying him the equal benefit of all laws and equality in the right to contract.

## COUNT V
## 42 U.S.C. §2000d (Title VI)

17.   Title VI of the Civil Rights Act of 1964, 42 U.S.C. §2000d, guarantees that no person shall be subject to discrimination under any program or activity receiving federal financial assistance. Title VI provides as follows: "No person in the United States shall on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance."Title VI of the Civil Rights Act of 1964, 42 U.S.C. §2000d, guarantees that no person

18.   The City of Boston and the Boston Fire Department are recipients of federal funds.

19.   The Defendant subjected the Plaintiff to discrimination on the basis of race.

**Wherefore,** plaintiffs respectfully request the following relief:

A.   Enjoin the Defendant from hiring any firefighters until such time as the Plaintiff has been appointed; and

B.   Order the Defendant to hire the Plaintiff forthwith, with retroactive seniority; and

C.   Award the Plaintiff compensatory damages; and

D.   Award fees and costs pursuant to 42 U.S.C. §1988(b) and (c) and any other applicable authority; and

E.   Provide any other relief that is appropriate and just.

Dated:

Respectfully submitted,

FRANCIS X. TIERNEY

By his Attorney,

Michael Williams  (BBO# 634062)
Lawson & Weitzen, LLP
88 Black Falcon Avenue, Suite 345
Boston, MA 02210-1736
Telephone: (617) 439-4990
Facsimile: (617) 603-3860