# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

### CIVIL ACTION NO. :0410718RGS

STEVEN HORNE and
RONALD BROWN,

Plaintiffs,

**v.**

CITY OF BOSTON,
SERGEANT ERIC BULMAN and
SERGEANT JOHN DAVIN.

Defendants.

### CITY OF BOSTON'S ANSWER TO THE PLAINTIFFS' COMPLAINT

### INTRODUCTION

The City of Boston (hereinafter the "City") does not answer the allegations

contained in the "Introduction" paragraph of Plaintiffs' complaint as those allegations

consist of conclusory allegations and contentions of law to which no responsive pleading

is required.  To the extent that a responsive pleading is required, the City denies all

allegations made against it in this introductory paragraph.

### PARTIES

1.      The City admits the allegations contained in paragraph 1.

2.      The City admits the allegations contained in paragraph 2.

3.      The City admits the allegations contained in paragraph 3.

4.    The City admits the allegations contained in paragraph 4.

5.    The City admits the allegations contained in paragraph 5.

FACTS

6.    City admits that Police Officer Steven Horne (hereinafter "Horne") and Police

Officer Ronald Brown (hereinafter "Brown") were assigned to the Youth

Violence Strike Force (hereinafter "YVSF") Day Tour Warrant Apprehension

Unit on 11 August, 1999.  The City is without sufficient information to admit or

deny that the YVSF is a comparatively prestigious assignment, but denies that it is

sought after because it involves more investigative work similar to that of what a

Sergeant–Detective ranked officer performs. The City denies all remaining

allegations contained in paragraph 6.

7.    The City is without sufficient information to admit or deny the allegation that

work within the YVSF brought great satisfaction to the Plaintiffs. The City admits

that the YVSF was designed in part to reduce gang violence and recover weapons.

8.    The City denies that Horne and Brown performed their jobs in an exemplary

manner and with distinction. The City admits that Horne and Brown received

letters of commendation. The City admits that the Plaintiffs were transferred into

the YVSF on or about 11 August, 1999. The City denies all remaining allegations

contained in paragraph 8.

9.    The City denies the allegations contained in paragraph 9.

10.    The City denies the allegations contained in paragraph 10.

11.    The City denies that Bulman advised other officers that Horne and Brown should

not have been transferred to the YVSF and that they were taking the place of two

2

white officers. The City admits all remaining allegations contained in paragraph

11.

12.    The City denies the allegations contained in paragraph 12.

13.    The City denies the allegations contained in paragraph 13.

14.    The City denies the allegations contained in paragraph 14.

15.    The City admits that one officer stated he would not send his "dog" to Dorchester

High. The City denies all remaining allegations contained in paragraph 15.

16.    The City denies the allegations contained in paragraph 16.

17.    The City denies that Horne and Brown advised Sergeant Eric Bulman (hereinafter

"Bulman") and Lieutenant Gary French (hereinafter "French") about their

concerns of racism as described above within the YVSF, but admits that Horne

and Brown did raise concerns of racism to Bulman and French.

18.    The City admits that meeting with Horne, Brown, Bulman and French led to

further discussion and short meetings and eventually to a meeting with the entire

YVSF about racial concerns of black officers. The City admits that a separate

meeting for black YVSF officers and a separate meeting for white YVSF officers

was held. The City denies all remaining allegations in this paragraph.

19.    The City admits there was a meeting held by French with black officers to address

their concerns. The City admits that black officers, including Horne and Brown,

expressed concerned about racism in the YVSF. The City denies that black

officers expressed that racial tension occurs on occasions when black and white

officers serve on the same tour of duty. The City admits that a black officer

complained about a white officer wearing a t-shirt referencing the death of Mr. Diallo.

20. The City denies the allegations contained in paragraph 20.

21. The City admits that French stated he was going to advise the Command Staff of the Department about the situation and Plaintiffs' complaints. The City denies all remaining allegations in this paragraph.

22. The City denies the allegations contained in paragraph 22.

23. The City denies that during a Personnel Analysis Meeting (hereinafter "PAM"), Davin stated that Horne and Brown were poor performers. The City admits that Sergeant John Davin (hereinafter "Davin") stated that Horne and Brown were secretive and were not team players. The City denies all remaining allegations contained in paragraph 23.

24. The City denies the allegations contained in paragraph 24.

25. The City admits that Bulman and Davin would advise Horne and Brown that they should have waited for other officers to assist on the occasions that they made off duty or potentially dangerous arrests. The City admits that plaques, commendations and other honors are often bestowed on those making an arrest of a significant or dangerous fugitive or suspect. The City denies the remaining allegations contained in paragraph 25.

26. The City is without sufficient information to admit or deny the allegations regarding communications with the Boston Police Patrolmen's Association (hereinafter the "BPPA"). The City denies that PAM is a "performance

evaluation". The Collective Bargaining Agreement is a document which speaks for itself.

27.    The City denies that Horne and Brown brought concerns about the PAM evaluations to the Command Staff. The City admits that Horne and Brown were transferred.

28.    The City admits that effective 2 April, 2001 Horne and Brown were transferred out of the YVSF. The City admits that Horn was transferred to Area C-6 in South Boston and Brown to Area B-2 in Roxbury. The City denies all remaining allegations contained in paragraph 28.

29.    The City denies the allegations contained in paragraph 29.

30.    The City denies the allegations contained in paragraph 30.

31.    The City denies the allegations contained in paragraph 31.

32.    The City admits that Horne requested a transfer to the Area C-6 Drug Control Unit (hereinafter "DCU") which was not approved. The City admits that Officer James Rattigan, a white officer, was transferred to the Area C-6 DCU. The City denies the remaining allegations contained in paragraph 32.

33.    The City denies the allegations contained in paragraph 33.

34.    The City denies the allegations contained in paragraph 34.

35.    The City denies the allegations contained in paragraph 35.

36.    The St. Clare Report is a document which speaks for itself. The City denies all remaining allegations contained in paragraph 36.

37.    The City denies the allegations contained in paragraph 37.

38.    The City denies the allegations contained in paragraph 38.

<u>JURISDICTION</u>

39.   The City does not answer the allegations contained in this paragraph as those
      allegations consist of contentions of law as to which no responsive pleading is
      required.  To the extent that a responsive pleading is required, the allegations of
      this paragraph are denied.

<u>CAUSES OF ACTION</u>

<u>COUNT I – Violation of 42 U.S.C. §1983</u>

40.   The City repeats and incorporates herein its responses to paragraphs 1 through 39
      of the Complaint.

41.   The City does not answer the allegations contained in this paragraph as those
      allegations consist of contentions of law as to which no responsive pleading is
      required.  To the extent that a responsive pleading is required, the allegations of
      this paragraph are denied.

42.   The City does not answer the allegations contained in this paragraph as those
      allegations consist of contentions of law as to which no responsive pleading is
      required.  To the extent that a responsive pleading is required, the allegations of
      this paragraph are denied.

43.   The City does not answer the allegations contained in this paragraph as those
      allegations consist of contentions of law as to which no responsive pleading is
      required.  To the extent that a responsive pleading is required, the allegations of
      this paragraph are denied.

44.   The City does not answer the allegations contained in this paragraph as those
      allegations consist of contentions of law as to which no responsive pleading is

required. To the extent that a responsive pleading is required, the allegations of this paragraph are denied.

45. The City does not answer the allegations contained in this paragraph as those allegations consist of contentions of law as to which no responsive pleading is required. To the extent that a responsive pleading is required, the allegations of this paragraph are denied.

46. The City denies the allegations contained in paragraph 46.

47. The City denies the allegations contained in paragraph 47.

48. The City denies the allegations contained in paragraph 48.

49. The City denies the allegations contained in paragraph 49.

50. The City does not answer the allegations contained in this paragraph as those allegations consist of contentions of law as to which no responsive pleading is required. To the extent that a responsive pleading is required, the allegations of this paragraph are denied.

51. The City does not answer the allegations contained in this paragraph as those allegations consist of contentions of law as to which no responsive pleading is required. To the extent that a responsive pleading is required, the allegations of this paragraph are denied.

52. The City denies the allegations contained in paragraph 52.

53. The City does not answer the allegations contained in this paragraph as those allegations consist of contentions of law as to which no responsive pleading is required. To the extent that a responsive pleading is required, the allegations of this paragraph are denied.

COUNT II – Violation of 42 U.S.C. §1985

54.     The City repeats and incorporates herein its responses to paragraphs 1 through 53 of the complaint.

55.     The City does not answer the allegations contained in this paragraph, as those allegations do not purport to state a claim against the City.

56.     The City does not answer the allegations contained in this paragraph, as those allegations do not purport to state a claim against the City.

57.     The City does not answer the allegations contained in this paragraph, as those allegations do not purport to state a claim against the City.

COUNT III – Violation of 42 U.S.C. §1981 and G.L. c. 93, §102

58.     City repeats and incorporates herein its responses to paragraphs 1 through 57 of the complaint.

59.     The City does not answer the allegations contained in this paragraph as those allegations consist of contentions of law as to which no responsive pleading is required. To the extent that a responsive pleading is required, the allegations of this paragraph are denied.

60.     The City does not answer the allegations contained in this paragraph as those allegations consist of contentions of law as to which no responsive pleading is required. To the extent that a responsive pleading is required, the allegations of this paragraph are denied.

61.     The City denies the allegations contained in paragraph 61.

<u>COUNT IV – Violation of 42 U.S.C. §2000e and G.L. c. 151B, §4</u>

62.    The City repeats and incorporates herein its responses to paragraphs 1 through 61 of the complaint.

63.    The City admits the allegations contained in paragraph 34.

64.    The City does not answer the allegations contained in this paragraph as those allegations consist of contentions of law as to which no responsive pleading is required. To the extent that a responsive pleading is required, the allegations of this paragraph are denied.

65.    The City denies the allegations contained in paragraph 65.

66.    The City does not answer the allegations contained in this paragraph as those allegations consist of contentions of law as to which no responsive pleading is required. To the extent that a responsive pleading is required, the allegations of this paragraph are denied.

67.    The City does not answer the allegations contained in this paragraph as those allegations consist of contentions of law as to which no responsive pleading is required. To the extent that a responsive pleading is required, the allegations of this paragraph are denied.

68.    The City denies the allegations contained in paragraph 68.

<u>COUNT V – Violation of Massachusetts Civil Rights Act</u>

<u>G.L. c. 12, §11I</u>

69.    The City repeats and incorporates herein its responses to paragraphs 1 through 68 of the complaint.

9

70.    The City does not answer the allegations contained in this paragraph, as those allegations do not purport to state a claim against the City.

71.    The City does not answer the allegations contained in this paragraph, as those allegations do not purport to state a claim against the City.

72.    The City does not answer the allegations contained in this paragraph, as those allegations do not purport to state a claim against the City.

73.    The City does not answer the allegations contained in this paragraph, as those allegations do not purport to state a claim against the City.

COUNT V [sic] – Intentional Interference with Advantageous Business Relationship and Prospective Advantage

74.    The City repeats and incorporates herein its responses to paragraphs 1 through 74 of the complaint.

75.    The City does not answer the allegations contained in this paragraph, as those allegations do not purport to state a claim against the City.

76.    The City does not answer the allegations contained in this paragraph, as those allegations do not purport to state a claim against the City.

77.    The City does not answer the allegations contained in this paragraph, as those allegations do not purport to state a claim against the City.

78.    The City does not answer the allegations contained in this paragraph, as those allegations do not purport to state a claim against the City.

79.    The City does not answer the allegations contained in this paragraph, as those allegations do not purport to state a claim against the City.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The Plaintiffs' complaint fails to state a claim upon which relief may be granted.

### Second Affirmative Defense

There was no violation of Plaintiffs' First Amendment rights or speech rights pursuant to the Constitution or laws of the United States and the Commonwealth of Massachusetts.

### Third Affirmative Defense

The Complaint fails as the City did not maintain an unconstitutional custom, pattern, policy or practice with respect to employment of the Plaintiffs.

### Fourth Affirmative Defense

The Complaint fails as the City did not maintain a well-settled municipal custom, pattern, policy or practice which by its implementation was deliberately indifferent to the constitutional rights of the Plaintiffs.

### Fifth Affirmative Defense

The Complaint fails as no decision or action by any official of the City vested with policy making authority with respect to Plaintiffs' employment was deliberately indifferent to the constitutional rights of the Plaintiffs.

### Sixth Affirmative Defense

The transfer of both Horne and Brown was justified by legitimate and non-discriminatory concerns and therefore the Plaintiffs' claims should be dismissed.

11

### Seventh Affirmative Defense

The City acted in accordance with the Constitution or laws of the United States and the Commonwealth of Massachusetts.

### Eighth Affirmative Defense

As Plaintiffs have suffered no injury, they lack standing and their complaint fails to state a case or controversy sufficient to give this Court jurisdiction to hear the Complaint.

### Ninth Affirmative Defense

The Plaintiffs are not entitled to punitive damages.

### Tenth Affirmative Defense

The Plaintiffs failed to establish a prima facie case with respect to their claims of discrimination based on race.

### Eleventh Affirmative Defense

The City expressly reserves the right to amend this answer to assert any additional defenses which may subsequently come to light as a result of discovery or otherwise.

### Twelfth Affirmative Defense

The City states that his acts and conduct were performed according to, and protected by, law and/or legal process, and that therefore, the Plaintiffs cannot recover.

### Thirteenth Affirmative Defense

The City states that the Plaintiffs, by their conduct and actions and/or by the conduct and actions of their agents and servants, have waived any and all rights they may have had against Bulman.

### Fourteenth Affirmative Defense

The Complaint fails to state a claim upon which relief can be granted as it fails to show any factual connection between any alleged unconstitutional municipal custom,

pattern, policy or practice of the City and the violation of the Plaintiffs' constitutional rights.

**Fifteenth Affirmative Defense**

The Plaintiffs have not been deprived of any rights secured by either the constitution or the laws of the United States or Commonwealth of Massachusetts.

**JURY CLAIM**

The City hereby demands a trial by jury as to all counts and causes of action.

Respectfully submitted,
DEFENDANT, The City of Boston
Merita A. Hopkins
Corporation Counsel
By their attorneys,

Mary Jo Harris, Legal Advisor
BBO No. 561484
Kerri E. Tierney
BBO No. 634679
Assistant Corporation Counsel
Boston Police Department
Office of the Legal Advisor
One Schroeder Plaza
Boston, MA 02120
(617) 343-4550

**CERTIFICATE OF SERVICE**

**I, Kerri E. Tierney, hereby certify that on this date I served copies of the foregoing documents upon counsel for the plaintiff, Stephen A. Roach, Esquire, of Roach & Wise, LLP 31 State Street, Boston, Massachusetts 02109.**

5-14-04
_____
Date

13